# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-26-LRR |
| vs. | **ORDER** |
| JEFFREY EUGENE HAAS, | |
| Defendant. | |

## TABLE OF CONTENTS

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.  *RELEVANT PROCEDURAL HISTORY AND ISSUE PRESENTED* . . . . . *1*

III.  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    A.    *Procedural Posture of Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . *3*
    B.    *Jurisdictional Issue* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

IV.  *DISPOSITION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## I. INTRODUCTION

The matter before the court is Defendant Jeffrey Eugene Haas's Motion to Dismiss Count 1 of the Second Superseding Indictment ("Motion") (docket no. 51).

## II. RELEVANT PROCEDURAL HISTORY AND ISSUE PRESENTED

On June 12, 2007, Defendant was charged in a two-count Second Superseding Indictment.[1] Count 1 charged Defendant with aiding and abetting bank burglary and bank

---

[1] On April 11, 2007, Defendant was charged in a one-count Indictment with aiding and abetting bank burglary and bank burglary, in violation of 18 U.S.C. § 2 and § 2113(a)-(b). On May 9, 2007, Defendant was charged in a two-count Superseding Indictment with
(continued…)

burglary, in violation of 18 U.S.C. § 2 and § 2113(a). Count 2 charged Defendant with aiding and abetting bank robbery and bank robbery, in violation of 18 U.S.C. § 2 and § 2113(b).

On June 21, 2007, Defendant filed the Motion. On June 29, 2007, the government filed a resistance to the Motion ("Resistance"). On July 2, 2007, Defendant filed a reply brief.

Count 1 of the Second Superseding Indictment charges:

> On or about December 8, 2002, in the Northern District of Iowa, [Defendant] entered, and aided and abetted the entry of, the Go America convenience store at 5610 Highway 13 in Coggon, Iowa. The Go America convenience store was a building used in part as the Linn County State Bank, the deposits of the Bank were insured by the Federal Deposit Insurance Corporation, and [Defendant] acted with the intent to commit in the part of the building used as the Bank a felony or larceny affecting the Bank, including but not limited to the offense charged in Count 2 of this Indictment.
> This was in violation of Title 18, United States Code, Sections 2113(a) and 2.[2]

---

[1](…continued)
aiding and abetting bank robbery and bank robbery, and aiding and abetting bank burglary and bank burglary, in violation of 18 U.S.C. § 2 and § 2113(a)-(b).

[2] Count 2 of the Second Superseding Indictment charges:
On or about December 8, 2002, in the Northern District of Iowa, [Defendant] took and carried away, and aided and abetted the taking and carrying away, with the intent to steal and purloin, property and money exceeding $1,000 in value belonging to and in the care, custody, control, management, and possession of the Linn County State Bank, the deposits of which were insured by the Federal Deposit Insurance Corporation.
This was a violation of Title 18, United States Code, Sections 2113(b) and 2.

2

The Motion seeks to dismiss Count 1 of the Second Superseding Indictment on the grounds that, as a matter of law, the automated teller machine ("ATM") operated by the Linn County State Bank and located at the Go America convenience store does not qualify as a building used in part as a bank for purposes of § 2113(a).[3] Specifically, Defendant references a letter sent by a representative of the Federal Deposit Insurance Corporation ("FDIC") to Assistant United States Attorney Peter Deegan, dated June 5, 2007 ("FDIC Letter"), and argues that the FDIC insures only those deposits of a main bank and its domestic branches. Defendant goes on to argue that, because the statutory definition, under 12 U.S.C. §1813(o), of "domestic branches" does not include ATMs, the Second Superseding Indictment does not properly charge a crime and should be dismissed.

The government responds in the Resistance that relevant case law underscores that a building, housing an ATM operated by a federally insured bank, amounts to a "building used . . . in part as a bank" for purposes of § 2113(a). Therefore, Count 1 of the Second Superseding Indictment, it urges, is jurisdictionally sufficient.

### III. ANALYSIS[4]

#### A. Procedural Posture of Motion

Normally, "[c]ourts should . . . avoid considering evidence outside the indictment when testing the indictment's legal sufficiency." *United States v. Todd*, 446 F.3d 1062,

---

[3] The Motion is premised upon the inapposite Federal Rule of Civil Procedure 12(a)(3)(B), which describes the amount of time an officer or employee of the United States has to respond when served with a complaint in a civil suit. As is apparent in the Motion, Defendant seeks relief on different grounds.

[4] The court notes that the Motion does not make a facial challenge to Count 1 of the Second Superseding Indictment but rather a jurisdiction one. Regardless, the court finds Count 1 of the Second Superseding Indictment to be legally sufficient on its face. The standard for sufficiency of a criminal indictment is a liberal one. *United States v. Young*, 618 F.2d 1281, 1286 (8th Cir. 1980) ("An indictment which tracks the language of the appropriate statute, advises the defendant of the elements of the offense, appraises [sic] him of the charges, and allows him to plead a conviction or an acquittal as an impediment to subsequent prosecutions and [sic] is sufficient.").

1067 (10th Cir. 2006); *see also United States v. Boren*, 278 F.3d 911, 914 (9th Cir. 2002) (holding that court should not use motion to dismiss as occasion "for a summary trial of the evidence"). However, Federal Rule of Evidence 104 empowers a trial judge to dispose of a preliminary issue upon which the competency of evidence to be presented at trial depends. Fed. R. Evid. 104(a)-(b); *see also United States v. Eskow*, 422 F.2d 1060, 1069 (2d Cir. 1970) (holding that "it is for the court rather than the jury to make the initial determination of a preliminary issue upon which the competency of evidence depends").

There is also some support for the proposition that in some circumstances "it is permissible and may be desirable where the facts are essentially undisputed, for the district court to examine the factual predicate for an indictment to determine whether the elements of the criminal charge can be shown sufficiently for a submissible case." *United States v. Brown*, 925 F.2d 1301, 1304 (10th Cir. 1991). It is likely more appropriate for the court to reserve ruling on this jurisdictional issue until after the government has presented its case in chief, due to the fact that the jurisdictional issue is intimately tied to the factual allegations in the Second Superseding Indictment.

However, the parties essentially stipulate to the following facts for the limited purposes of resolving the Motion. The customers who used the ATM at the Go America convenience store were able to perform banking functions, such as withdrawing cash from the Linn County State Bank, checking their account balances and transferring funds between their accounts. The Linn County State Bank operated the ATM at the Go America convenience store. The FDIC Letter states that the Linn County State Bank has been insured by the FDIC from September 17, 1945 through and including December 8, 2002.

Therefore, assuming without deciding that the Motion is properly before the court, the court shall rule on the jurisdictional issue.

### B. Jurisdictional Issue

The crime of bank burglary, as charged in Count 1 of the Second Superseding Indictment, is defined as follows:

4

> Whoever enters or attempts to enter . . . any building used in whole or in part as a bank . . . with intent to commit in such . . . building, or part thereof, so used, any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny—
>
> Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a).

A "bank" for purposes of § 2113(a) has a statutory definition.

> As used in this section the term "bank" means any member bank of the Federal Reserve System, and any bank, banking association, trust company, savings bank, or other banking institution organized or operating under the laws of the United States, including a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978), and *any institution the deposits of which are insured by the* [FDIC].

*Id*. at § 2113(f) (emphasis added).

Although the Eighth Circuit Court of Appeals has yet to address the matter, other circuit courts of appeals have explored whether a federally insured bank's ATM located in a building otherwise used for non-banking activities qualifies the building as used "in part" as a "bank" for purposes of 18 U.S.C. § 2113(a). In *United States v. Rrapi*, 175 F.3d 742 (9th Cir. 1999), the defendant was charged with attempted bank robbery, in violation of 18 U.S.C. § 2113(a) and 18 U.S.C. § 2, for breaking into a supermarket and attempting to abscond with cash from an ATM located therein. 175 F.3d at 745-46. After conviction the defendant appealed, arguing that the supermarket did not function as a bank, and thus the jurisdictional element of § 2113(a) was not satisfied. *Rrapi*, 175 F.3d at 751.

The Ninth Circuit Court of Appeals disagreed. Under § 2113(a), "[t]he [supermarket] was a 'building' used 'in part' as a 'bank.'" *Id*. A proper interpretation of § 2113 insists that the relevant inquiry for ATMs is not whether the ATM is itself a "bank" but whether the presence of an ATM in a building qualifies such building as used

5

"in part" as a bank. *Id.* at 752. The Ninth Circuit Court of Appeals explained that, although ATMs are specifically excluded from the definition of "domestic branch" of a bank under the McFadden Act, "Congress did not include ATM machines [sic] among the many exclusions from the definition of a 'bank' in 12 U.S.C. § 1841(c)(2)[, a related civil banking law statute]." *Rrapi*, 175 F.3d at 753.

The Ninth Circuit Court of Appeals stated that the focus must be upon how the building, or a part thereof, is used.

> Under the language of Section 2113(a) . . . we need not find that an ATM itself is a bank, but only that a part of any building is used as a bank. Customers in [the supermarket] use the ATM to withdraw, deposit, and transfer federally insured funds—some of the most important functions of a bank from a customer's perspective. The U.S. Bank uses the ATM to store cash—the most important function of the bank from a robber's perspective. The . . . building was thus "used . . . in part as a bank."

*Id.* The relevant inquiry, then, is whether the ATM's presence allows for banking functions to occur within the building.

In *United States v. Rood*, 281 F.3d 353 (2d Cir. 2002), the Second Circuit Court of Appeals was persuaded by the holding in *Rrapi*. Rood entered a supermarket at night after the supermarket had closed and attempted to open and empty an ATM within the store. *Rood*, 281 F.3d at 354. He was charged under § 2113(a); he moved to dismiss on the grounds that "a supermarket is not a bank within the meaning of § 2113(a)." *Id.* Rood's motion was denied.

On appeal, Rood argued that civil banking law is relevant to an interpretation of the criminal statute. However, the Second Circuit Court of Appeals explained that the language of the criminal statute is the necessary and sufficient guide. It stated:

> Instead, the correct inquiry concerns the criminal statute's definition of bank, which states in relevant part that a bank is "any institution the deposits of which are insured by the Federal Deposit Insurance Corporation." 18 U.S.C. § 2113(f). There is no question that the funds within the bank-

6

> owned ATM at issue in this case were federally insured.
> Thus, the building housing this ATM was used in part as a
> bank and defendant's attempt to steal the insured funds from
> the ATM affected a bank.

*Id*. at 356.

In the Motion, Defendant relies on the Ninth Circuit Court of Appeals' opinion in *United States v. Blajos*, 292 F.3d 1068 (9th Cir. 2002). *Blajos* does not stand for the proposition that the government can *only* meet its burden by showing that the ATM or its funds are insured by the FDIC. Although the government *may* meet its burden in that manner, the Ninth Circuit Court of Appeals in *Blajos* repaired any confusion among its past precedents by holding that "the Government meets its burden under 18 U.S.C. § 2113(a) by proving the FDIC-insured status of the victim bank." *Blajos*, 292 F.3d at 1071.[5] That the government *must* show that any cash inside the ATM is itself insured is "an erroneous construction of the statute, which is at odds with the statute's plain text." *Id*. at 1072.[6]

---

[5] This construction, along with the holdings in *Rrapi*, *Rood* and *Blajos* comport with related holdings by the Eighth Circuit Court of Appeals. In *United States v. Lankford*, 573 F.2d 1051, 1053 (8th Cir. 1978), the Eighth Circuit Court of Appeals held that entry into a night depository chute inside the outer wall of a bank amounted to entry into a building used in part as a bank under § 2113(a). In *United States v. Phillips*, 609 F.2d 1271, 1273 (8th Cir. 1979), the Eighth Circuit Court of Appeals held that driving up to a drive-in teller window and manipulating the receptacle therein amounted to entry into a building under § 2113(a). Each of these holdings reveals a willingness to accept the plain meaning of the broad terms of the statutory scheme.

[6] The holdings in both *Rrapi*, 175 F.3d at 751, and *Rood*, 281 F.3d at 356, rejected the suggestion made, in dicta, in *United States v. Willis*, 102 F.3d 1078, 1081 n.2 (10th Cir. 1996), that an ATM stolen from a mall would not constitute a violation of § 2113(a) because there was no entry of a bank. Since *Willis* addressed § 2113(b) and offered no further analysis as to its hypothetical position on § 2113(a), the *Rrapi* and *Rood* holdings provide a more principled interpretation of the relevant statutory section.

7

It is useful to combine the texts of §§ 2113(a) and (f) to underscore this point. When one substitutes "institution the deposits of which are insured by the [FDIC]," from subsection (f), for "bank" in subsection (a), the subsection reads as follows.

> Whoever enters or attempts to enter . . . any building used in whole or in part as [an institution the deposits of which are insured by the FDIC], . . . with intent to commit in such . . . building, or part thereof, so used, any felony affecting such [institution the deposits of which are insured by the FDIC] . . . and in violation of any statute of the United States, or any larceny . . . .

18 U.S.C. §§ 2113(a) and (f). As a construction of the statute according to its express terms, it becomes apparent both that the "insured" modifier applies to the institution, not the building and that criminal liability turns on whether the insured institution uses a part of the building. The statute reads broadly: it prohibits the entry of any building, used *in part* by an FDIC-insured institution, with the intent to commit *any felony affecting* such institution.

In the case at bar, the allegations against Defendant are nearly identical to the circumstances in *Rood* and *Rrapi*, and the court finds them instructive and persuasive.

If the court is to countenance the FDIC Letter, as Defendant requests for the purposes of the Motion, then the government has met its jurisdictional burden. *Blajos*, 292 F.3d at 1071. Defendant allegedly entered the Go America convenience store building with the intent to abscond with the ATM, and the cash located therein. The ATM was operated by an FDIC-insured institution—the Linn County State Bank. The presence of the ATM, operated by the FDIC-insured institution in the store, is sufficient to state a claim under § 2113(a) that the building was used in part as a bank. *Rood*, 281 F.3d at 356*; Rrapi*, 175 F.3d at 751. The parties agree that the ATM users were able to perform banking functions similar to those in *Rood* and *Rrapi*, such as withdrawing cash from the Linn County State Bank, checking their account balances and transferring funds between their accounts.

Furthermore, the FDIC Letter offers no reason to depart from the express terms of § 2113. First, Defendant relies on language in the explanatory cover note to the FDIC Letter, separate from the affidavit and certificate of insurance therein, in conjunction with civil law banking regulations, to inform the court's interpretation of § 2113(a). Defendant urges this use in spite of the statute's provision of its definitions at § 2113(f). There may be reasons to depart from a statute's own definitions and plain meaning, but a cover note to a letter is certainly not one of them.

Second, the appellate courts in *Blajos*, *Rood* and *Rrapi* have all stated that civil law banking definitions are inapposite to the interpretation of § 2113(a). The Ninth Circuit Court of Appeals in *Rrapi* makes the further point that federal civil banking law is not even homogenous as to its inclusion of an "ATM" under its definition of "bank," *i.e.*, there are several definitions of "bank" under federal law and at least three under Title 12 of the United States Code. *See, e.g.,* 12 U.S.C. § 221 (Federal Reserve System); 12 U.S.C. § 1813(o) (FDIC); 12 U.S.C. § 1841(a) (Bank Holding Companies). The variety of definitions in external textual sources is further reason to adhere to § 2113(f)'s definition alone.

Therefore, Defendant's Motion shall be denied.

## *IV. DISPOSITION*

For the foregoing reasons, it is hereby **ORDERED**:

(1) Defendant's Motion (docket no. 51) is **DENIED**; and

(2) The period of time between the filing of Defendant's Motion and the filing of this order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the conclusion of the hearing thereon); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not

to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

**DATED** this 12th day of July, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA