**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JEFFREY EUGENE HAAS,<br><br>　　　　Defendant. | No. 07-CR-26-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

I.   INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.  PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

III. TRIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.  LEGAL STANDARDS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
　　A.   *Motion for Judgment of Acquittal* . . . . . . . . . . . . . . . . . . . . . 6
　　B.   *Motion for New Trial* . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
　　C.   *Motion for Arrest of Judgment* . . . . . . . . . . . . . . . . . . . . . . 7

V.   MOTION FOR JUDGMENT OF ACQUITTAL ANALYSIS . . . . . . . . . . 8
　　A.   *Defendant's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . 8
　　B.   *Legal Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
　　　　1.   *The ATM and FDIC insurance* . . . . . . . . . . . . . . . . . . 9
　　　　2.   *Sufficiency of the evidence* . . . . . . . . . . . . . . . . . . . . 10
　　　　3.   *Vagueness* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
　　　　4.   *Rule of lenity* . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
VI.  MOTION FOR NEW TRIAL ANALYSIS . . . . . . . . . . . . . . . . . . . . 13
　　A.   *Defendant's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . 13
　　B.   *Legal Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14
　　　　1.   *"Building used in part as a bank"* . . . . . . . . . . . . . . . . 14
　　　　2.   *Elements of the bank burglary count* . . . . . . . . . . . . . . 14
　　　　3.   *Theory of defense instruction* . . . . . . . . . . . . . . . . . . 14
　　　　4.   *Exclusion of ancillary FDIC evidence* . . . . . . . . . . . . . . 15

| | | |
|---|---|---|
| ***VII.*** | ***MOTION FOR ARREST OF JUDGMENT ANALYSIS*** . . . . . . . . . . . . . . *15* |
| | A. | *Defendant's Arguments* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *15* |
| | B. | *Legal Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *16* |
| | | 1. *The Bank Burglary Count* . . . . . . . . . . . . . . . . . . . . . . . . *16* |
| | | 2. *Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *16* |
| | | 3. *Judgment and punishment* . . . . . . . . . . . . . . . . . . . . . . . *16* |

***VIII . CONCLUSION*** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *17*

## *I.  INTRODUCTION*

The matters before the court are Defendant Jeffrey Eugene Haas's Motion for Arrest of Judgment (docket no. 75) ("Arrest of Judgment Motion"), Post-Trial Motion for Judgment of Acquittal Re: Count 1 (docket no. 76) ("Acquittal Motion") and Post-Trial Motion for New Trial (docket no. 77) ("New Trial Motion") (collectively, "Motions").

## *II.  PROCEDURAL HISTORY*

On April 11, 2007, the grand jury returned a one-count Indictment against Defendant, charging bank burglary, in violation of 18 U.S.C. §§ 2113(a)-(b). On May 9, 2007, the grand jury returned a two-count Superseding Indictment against Defendant. Count 1 charges Defendant with bank burglary, in violation of 18 U.S.C. §§ 2113(a) and 2 ("Bank Burglary Count"). Count 2 charges Defendant with bank theft, in violation of 18 U.S.C. §§ 2113(b) and 2 ("Bank Theft Count").

On June 12, 2007, the grand jury returned a two-count Second Superseding Indictment, charging the same crimes as the Superseding Indictment but with revised descriptions of Defendant's alleged conduct.

Defendant proceeded to trial. On July 17, 2007, a unanimous federal jury found Defendant guilty on both counts of the Second Superseding Indictment. On July 24, 2007, Defendant filed the Motions. On August 1, 2007, the government filed Responses to the Motions.

The court finds the Motions fully submitted and ready for review.

## III. TRIAL EVIDENCE

Deputy Sheriff Chad Colston of the Linn County Sheriff's Office ("Deputy Colston") testified that on December 8, 2002 at 3:22 a.m., he was approaching the Go America convenience store, near Coggon, Iowa ("Convenience Store") in his marked car. Deputy Colston noticed a GMC Suburban ("Suburban") parked behind the Convenience Store. At that time the Convenience Store was closed. As he drove closer, Deputy Colston saw three subjects wearing ski masks standing between the Suburban and the open door of the Convenience Store. At that point he called the Linn County Sheriff's Office dispatchers to report a burglary in progress. Thereafter he saw subjects fleeing on foot and he saw the Suburban speed off. Deputy Colston followed the Suburban towards, and eventually through, Central City, Iowa. During the approximately seven-mile pursuit which reached speeds of 90-95 mph, a large object, later identified as an automated teller machine ("ATM"), fell out of the rear of the Suburban. He continued to pursue the Suburban which had doubled-back towards Central City, when the Suburban stopped and two men jumped out and ran. Deputy Colston stopped his squad car and pursued the driver, later identified as Travis Sojka, on foot. After some time he found Sojka hiding in a nearby yard and arrested him. Shortly thereafter back-up officers from the Marion Police Department arrived on the scene. The officers informed Deputy Colston that a K-9 unit was en route to assist in finding the second subject who had run from the Suburban. The K-9 unit later arrived and the K-9 officer located the Suburban's passenger hiding in a nearby drainage ditch. Deputy Colston later identified the passenger as Jeremy Jones. The ATM was recovered in a ditch near Central City, 5 miles south of Coggon, along Highway 13. The subjects who initially ran from the Convenience Store were not located.

A forensic examination of the crime scene developed significant evidence. The emergency exit door on the west (back) side of the Convenience Store showed a number of pry marks. Marks on the concrete pad at the door indicated the ATM had been drug

over the pad.  The interior surface of the door had a blood smear on it.  The panic bar had been removed from the interior surface of the door.  The ATM was missing from the Convenience Store.  Markings on the top surface of the floor in the usual location of the ATM indicated something had been drug over it.  Blood evidence was collected from the surface of the ATM.

Officers searched the Suburban that had been driven by Sojka.  They found ski masks, gloves, pry bars, flashlights and broken plastic that they determined had come from the ATM.

Some time later Sojka agreed to cooperate with authorities.  He identified Defendant Jeffrey Haas and Ryan Goettsch as the two perpetrators who had successfully escaped the morning he was arrested.  Goettsch was charged and pled guilty as did Jeremy Jones.

Sojka, Goettsch and Jones testified at Defendant's trial.  They stated that the idea for the burglary originated with Defendant who then brought them into the conspiracy to steal the ATM from the Convenience Store.  The conspirators did not intend to take anything from the Convenience Store except the ATM.  Sojka and Goettsch each testified that Defendant met with them some time in the evening of December 7, 2002, to plan the theft of the ATM.  Sojka testified that some time in the early morning hours of December 8, 2002, he drove Defendant and Goettsch to the Convenience Store in his vehicle, the Suburban. They wore ski masks that covered their faces and gloves on their hands. Sojka testified that Defendant and Goettsch broke into the Convenience Store, which was closed, by prying open the back door.  When they attempted to abscond with the ATM, it fell onto its side and the three men were unable to move it. Goettsch testified that Defendant cut his hand when the ATM fell to its side.  Sojka testified that he then drove Goettsch and Defendant towards Cedar Rapids, Iowa.  In the process, Defendant called Jones to help them but initially did not tell him the truth as to what kind of help he was seeking.  Jones testified that he met Defendant, Sojka and Goettsch in Central City.  The four of them

4

proceeded to the Convenience Store and loaded the ATM into the Suburban. As they were preparing to leave, Deputy Colston rolled up on them in his squad car. Sojka testified that he and Jones fled in the Suburban and Goettsch and Defendant fled on foot. Goettsch testified that he and Defendant hid in a nearby garage for several hours until they were picked up by Goettsch's brother's girlfriend.

The blood evidence was processed for DNA. That DNA matched a DNA sample taken from Defendant.

Linn County State Bank Vice President Susan Dolan testified that at the time of the theft the deposits of the Linn County State Bank were insured by the Federal Deposit Insurance Corporation ("FDIC"). She testified that the ATM had been purchased for $22,000 and was owned by the Bank at the time of the theft. The ATM had a plate on it that indicated it was the property of the Bank. Ms. Dolan testified that the ATM provided many banking services to its customers. Customers could withdraw cash from their accounts, check their balances, transfer funds between accounts and obtain cash advances. Receipts were generated by the ATM for these bank services. The ATM could not do the following: accept deposits, open accounts, generate a statement of account beyond the current balance, generate a copy of a check, change account information or process a loan. Further, there was a limit on the amount of cash that could be withdrawn from the ATM. The ATM was available to customers from 6 a.m. until 10 p.m. seven days per week while the bank was open more limited hours six days a week.

Dolan testified that subsequent to the theft she was summoned by the Linn County Sheriff's Office to reclaim the ATM. The ATM was badly damaged, but, after her inspection, she determined that there was no cash missing from the safe in the ATM. The machine contained $9,765 in twenty and five dollar bills.

Defendant did not challenge the testimony of the witnesses during cross examination, although he did develop additional testimony as part of his legal challenge to the statute that forms the basis for the charge in Count 1 of the Indictment.

## IV. LEGAL STANDARDS

### A. Motion for Judgment of Acquittal

Federal Rule of Criminal Procedure 29 provides that "the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Such a motion is permitted after trial, in which case the court may set aside the verdict and enter a judgment of acquittal. Fed. R. Crim. P. 29(c). It is well settled, however, that "[j]ury verdicts are not lightly overturned." *United States v. Stroh*, 176 F.3d 439, 440 (8th Cir. 1999). "A motion for judgment of acquittal should be granted only where the evidence, viewed in the light most favorable to the government, is such that a reasonably minded jury must have a reasonable doubt as to the existence of any of the essential elements of the crime charged." *United States v. Mundt*, 846 F.2d 1157, 1158 (8th Cir. 1988); *see also United States v. Cacioppo*, 460 F.3d 1012, 1021 (8th Cir. 2006) ("A motion for judgment of acquittal should be granted only 'if there is a no interpretation of the evidence that would allow a reasonable jury to find the defendant guilty beyond a reasonable doubt.'" (quoting *United States v. Gomez*, 165 F.3d 650, 654 (8th Cir. 1999))); *United States v. Surratt*, 172 F.3d 559, 563 (8th Cir. 1999) (holding that evidence should be viewed in light most favorable to the government). The court must uphold the jury's verdict so long as "a reasonable-minded jury could have found [Defendant] guilty beyond a reasonable doubt." *United States v. Hayes*, 391 F.3d 958, 961 (8th Cir. 2004). It is not the province of the court to weigh the evidence or evaluate the credibility of witnesses. *Id*. Those tasks are for the jury. *Id*.

### B. Motion for New Trial

Federal Rule of Criminal Procedure 33 provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. However, "[m]otions for new trials are generally

6

disfavored, *United States v. Campos*, 306 F.3d 577, 579 (8th Cir. 2002), and will be granted only where 'a serious miscarriage of justice may have occurred.'" *United States v. Rice*, 449 F.3d 887, 893 (8th Cir. 2006) (quoting *United States v. Huerta-Orozco*, 272 F.3d 561, 565 (8th Cir. 2001)). Indeed, "[t]he granting of a new trial under Rule 33 is a remedy to be used only 'sparingly and with caution.'" *United States v. Dodd*, 391 F.3d 930, 934 (8th Cir. 2004) (citing *Campos*, 306 F.3d at 579 (quoting *United States v. Lincoln*, 630 F.2d. 1313, 1319 (8th Cir. 1980))).

The evidentiary standard of review differs from the standard that is applied in a motion for judgment of acquittal.

> When a motion for new trial is made on the ground that the verdict is contrary to the weight of the evidence, the issues are far different from those raised by a motion for judgment of acquittal. The question is not whether the defendant should be acquitted outright, but only whether he should have a new trial. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses. If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury.

*Lincoln*, 630 F.2d at 1319; *see also United States v. Johnson*, 474 F.3d 1044, 1051 (8th Cir. 2007) (quoting *United States v. Anwar*, 428 F.3d 1102, 1109 (8th Cir. 2005) (citing *Lincoln*)). Under Rule 33, district courts are granted broad discretion. *United States v. LeGrand*, 468 F.3d 1077, 1080 (8th Cir. 2006).

### *C. Motion for Arrest of Judgment*

Federal Rule of Criminal Procedure 34 governs a motion for arrest of judgment. It states:

> **(a) In General.** Upon the defendant's motion or on its own,

7

>  the court must arrest judgment if:
>
>  **(1)** the indictment or information does not charge an offense; or
>  **(2)** the court does not have jurisdiction of the charged offense.
>
>  **(b) Time to File.** The defendant must move to arrest judgment within 7 days after the court accepts a verdict or finding of guilty, or after a plea of guilty or nolo contendere.

Fed. R. Crim. P. 34 (emphasis in original). The Eighth Circuit Court of Appeals has explained that, under Rule 34, a motion for arrest of judgment "must be upon failure of the indictment to charge an offense or upon a finding that the court was without jurisdiction to hear the case." *United States v. Whitted*, 454 F.2d 642, 646 (8th Cir. 1972). Rule 34, and its attendant relief, do not apply when "[n]either of those circumstances is present . . . ." *Id*.

## V.  MOTION FOR JUDGMENT OF ACQUITTAL ANALYSIS

### A.  Defendant's Arguments

Defendant's Acquittal Motion pertains only to the Bank Burglary Count (Count 1). Defendant offers four arguments as bases for a judgment of acquittal on the Bank Burglary Count. First, Defendant argues that the Bank Burglary Count fails to satisfy the jurisdictional and substantive requirements of 18 U.S.C. § 2113(a) and (f) because the ATM was not covered by FDIC insurance. Second, Defendant argues that there is insufficient evidence to establish beyond a reasonable doubt that the Convenience Store or the ATM amounts to an institution the deposits of which were insured by the FDIC. Third, Defendant argues that 18 U.S.C. § 2113(a) is unconstitutionally vague as applied to Defendant's conduct. Fourth, the rule of lenity precludes applying 18 U.S.C. § 2113(a) to Defendant's conduct.

The government relies on the arguments it raised in prior filings and on the record at trial, namely, that the court properly interpreted § 2113 in the court's Order denying the

Motion to Dismiss, filed July 12, 2007 ("Order") (docket no. 61) and properly instructed the jury on the law.

### B. Legal Analysis

#### 1. The ATM and FDIC insurance

Defendant previously raised a similar argument in his Motion to Dismiss, filed on June 21, 2007 (docket no. 51). The court explained at length in the Order that a proper interpretation of 18 U.S.C. § 2113 focuses not on whether the funds inside the ATM are FDIC-insured but whether the operating bank is an institution the deposits of which are insured by the FDIC. For the reasons stated in the Order, the court shall deny the Acquittal Motion to the extent it argues that anything other than the FDIC-insured status of the operating bank is the relevant inquiry under § 2113(a) and (f).

In his Acquittal Motion, Defendant takes issue with three matters raised in the Order, which the court now addresses in turn. First, Defendant suggests that the court misreads the Ninth Circuit Court of Appeals's holding in *United States v. Blajos*, 292 F.3d 1068 (9th Cir. 2002). Defendant argues that the holding that "the Government meets its burden under 18 U.S.C. § 2113(a) by proving the FDIC-insured status of the victim bank[,]" *Blajos*, 292 F.3d at 1071, applies only to bank robbery and not to bank burglary. Defendant suggests the Ninth Circuit Court of Appeals intended to reveal distinct "jurisdictional foci" for the bank robbery and the bank burglary paragraphs of § 2113(a), *i.e.*, for bank robbery the government must show that the funds were FDIC-insured, but for bank burglary the government must show that FDIC insurance covers the building that a defendant enters. Defendant's interpretation suggests that Congress meant the phrase "an institution the deposits of which are insured by the FDIC," 18 U.S.C. § 2113(f), to define jurisdiction differently within § 2113(a), depending on the criminal violation. The court rejects this argument because it calls for divergent meanings of the word "bank" within the same statutory subsection. Therefore, the court shall deny the Acquittal Motion on this

9

basis.

Second, Defendant suggests that the court in the Order intends to equate "a building used in whole or in part *as* an institution the deposits of which are insured by the FDIC" with "a building used in whole on in part *by* an institution the deposits of which are insured by the FDIC." Defendant further suggests that the Order's reasoning rests on the court's faulty conclusion that "as" and "by" are linguistic equivalents. Defendant misreads the court's analysis in the Order. The court's analysis rests on the proposition that Congress intended to criminalize entry, with an intent to commit a felony, into any building in which a bank, whose deposits are insured by the FDIC, provides banking services, regardless of whether the banking activities took place in all of or part of the building. As the court in *United States v. Rrapi*, 175 F.3d 742 (9th Cir. 1999) noted,

> [u]nder the language of Section 2113(a) . . . we need not find that an ATM itself is a bank, but only that a part of any building is used as a bank. Customers in [the supermarket] use the ATM to withdraw, deposit, and transfer federally insured funds—some of the most important functions of a bank from a customer's perspective. The U.S. Bank uses the ATM to store cash—the most important function of the bank from a robber's perspective. The . . . building was thus "used . . . in part as a bank."

*Id.* at 753. Therefore, the court shall deny Defendant's Acquittal Motion on this basis.

Third, Defendant suggests that the civil law banking definitions are not inapposite to § 2113(a), because the definition of "bank" in § 2113(f) makes reference to the FDIC. As the Order explained, there is no reason to search sources external to § 2113(f) for the definition of "bank" because § 2113(f) contains such a definition. Therefore, Defendant's Acquittal Motion shall be denied insofar as Defendant argues that the court erred in the definition of the term "bank" as to the Bank Burglary Count (Count 1).

### 2. *Sufficiency of the evidence*

Defendant advances largely the same reasons for the sufficiency of the evidence

argument as he does for the ATM and FDIC insurance argument. Therefore, for the reasons discussed above, the Acquittal Motion on this basis shall be denied.

Defendant briefly argues that, because there was no evidence presented that the Convenience Store or that the ATM and its contents were FDIC-insured, Defendant is entitled to a judgment of acquittal on the Bank Burglary Count. As the court explained in the Order, the proper inquiry focuses on the FDIC-insured status of the operating bank, in this case Linn County State Bank. The government offered ample evidence that the deposits of the Linn County State Bank were FDIC-insured at the time of the burglary and theft. Therefore, the court shall deny the Acquittal Motion as to the Bank Burglary Count (Count 1) insofar as Defendant argues that the evidence presented at trial was insufficient to convict him. *See Mundt*, 846 F.2d at 1158 (holding that motion for judgment of acquittal only appropriate if, for any element of the crime, there is no reasonable interpretation of the evidence that would support a jury's finding beyond a reasonable doubt).

### 3. *Vagueness*

Defendant bases his vagueness argument on the Eighth Circuit Court of Appeals's holding that "[a] penal statute is unconstitutionally vague if it fails to define the criminal offense in sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *United States v. Sheikh*, 367 F.3d 756, 765 (8th Cir. 2004) (quotations and citations omitted). First, Defendant has cited no case that finds § 2113 to be unconstitutionally vague. Indeed, the Eighth Circuit Court of Appeals, in *United States v. Ball*, 22 F.3d 197, 198 (8th Cir. 1994), held that § 2113 is not vague on its face. Second, the Eighth Circuit Court of Appeals has noted, in the § 2113 context, that "[t]he strong presumptive validity that attaches to an Act of Congress has led the Supreme Court to hold that statutes are not automatically invalidated as vague simply because difficulty

11

is encountered in determining whether certain marginal differences fall within their language." *Smith v. United States*, 356 F.2d 868, 871 (8th Cir. 1966) (citing *United States v. Nat'l. Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963)). Whatever difficulty might be involved in interpreting § 2113 in light of the Bank Burglary Count, it certainly does not rise to a level suggesting it must be invalidated as unconstitutionally vague. Nor can Defendant, in his as applied challenge, maintain that ordinary people cannot understand that § 2113 prohibits his conduct under the Bank Burglary Count. As explained in the Order, § 2113 criminalizes the unlawful entry into any building used in part as a bank with the intent to commit a felony therein. Indeed, Defendant cannot claim to have had no "fair warning" that the Convenience Store was used in part as a bank, because the very reason for Defendant's unlawful entry was the presence of the funds of Linn County State Bank. *See Slavin v. United States*, 403 F.3d 522, 524-25 (8th Cir. 2005) ("[W]e find the statute is not unconstitutionally vague because it provides fair warning of what is proscribed . . . ."). Furthermore, there is no danger of arbitrary or discriminatory enforcement, because, as explained in the Order, the application of the statute focuses on whether a defendant entered a building with the requisite intent and whether banking activities occurred in the building. The status of the structure and a defendant's intent are characteristics ordinarily relevant to a burglary. *See, e.g., Ward v. Lockhart*, 841 F.2d 844, 845 (8th Cir. 1998) (noting that elements of Arkansas burglary statute related to structure and intent). Therefore, the court shall deny the Acquittal Motion as to the Bank Burglary Count (Count 1) insofar as Defendant argues that § 2113 is unconstitutionally vague as applied.

### 4. *Rule of lenity*

Defendant argues that "ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity." *Liparota v. United States*, 471 U.S. 419, 427 (1985). Applied to the Bank Burglary Count (Count 1), Defendant contends that he was not given

12

"fair warning" that entry into the Convenience Store with the intent to steal the ATM and its contents is a crime, and "legislatures and not the courts" should define criminal activity. *See Babbitt v. Sweet Home Chapter of Cmtys. for a Great Oregon*, 515 U.S. 687, 704 n.18 (1995) (noting two elements of the rule of lenity). As the *Rrapi* court explained, § 2113 is not ambiguous, and "the touchstone of the rule of lenity is statutory ambiguity. Lenity thus serves only as an aid for resolving an ambiguity; it is not to be used to beget one." 175 F.3d at 752 (quoting *Albernaz v. United States*, 450 U.S. 333, 342 (1981) (quotations and citations omitted)). Section 2113 is not ambiguous in that it "requires only that a building be used 'in part' as a bank." *Id*. Therefore, the court shall deny Defendant's Acquittal Motion insofar as he argues that the rule of lenity demands a judgment of acquittal on the Bank Burglary Count (Count 1).

## VI.  MOTION FOR NEW TRIAL ANALYSIS

### A.  *Defendant's Arguments*

Defendant propounds four arguments in support of his New Trial Motion. Unlike the Acquittal Motion, the New Trial Motion variously attacks both the Bank Burglary Count and the Bank Theft Count. First, Defendant argues that the court erred in instructing the jury as to the definition of "building used in part as a bank." Second, Defendant argues that the court erred in instructing the jury as to the elements of the Bank Burglary Count. Third, Defendant argues that the court erred in refusing Defendant's proposed instruction for his theory of defense for the Bank Burglary Count. Fourth, Defendant argues that the court erred in excluding evidence regarding the FDIC-insured status of the ATM and the Convenience Store.

The government relies on the arguments it raised in prior filings and on the record at trial, namely, that the court properly interpreted § 2113 in the Order, properly excluded irrelevant and potentially confusing evidence, and properly instructed the jury on the law.

13

### B. Legal Analysis

#### 1. *"Building used in part as a bank"*

For the reasons stated in the Order, as well as in Section V.B.1 above, the court shall deny Defendant's New Trial Motion as to this argument. The court described in the Order the proper legal definition of "building used in part as a bank." Therefore, a new trial is not warranted because it cannot be said that "a serious miscarriage of justice may have occurred." *Huerta-Orozco*, 272 F.3d at 565; *see also Rice*, 449 F.3d at 893.

#### 2. *Elements of the bank burglary count*

Defendant again raises the argument that the court erred in its interpretation of "building used in part as a bank" for purposes of the elements of the Bank Burglary Count (Count 1). For the reasons stated in the Order, as well as in Section V.B.1 above, the court shall deny Defendant's New Trial Motion on this basis. The court properly defined the elements of the offense in the jury instructions. Therefore, a new trial on this basis is not warranted because it cannot be said that "a serious miscarriage of justice may have occurred." *Huerta-Orozco*, 272 F.3d at 565; *see also Rice*, 449 F.3d at 893.

#### 3. *Theory of defense instruction*

Defendant suggests that the court erred in failing to include in a jury instruction his interpretation of what constitutes a federally-insured institution. Although a defendant's request for a specific jury instruction should be granted if such instruction is supported by the evidence and reflects a correct statement of the law, *United States v. Maggard*, 156 F.3d 843, 850 (8th Cir. 1998), Defendant cannot rely on that proposition here. *United States v. Benning*, 248 F.3d 772, 775 (8th Cir. 2001) ("While a defendant in a criminal case is generally entitled to an instruction on his defense theory of the case, the district court may deny the instruction if it does not correctly state the law."). Defendant does correctly state a law, *i.e.*, the definition of "bank," as described at 12 U.S.C. § 1813(o), but Defendant does not state the relevant law, *i.e.*, § 2113(a) and (f). Therefore, a new

14

trial on this basis is not warranted, because it cannot be said that "a serious miscarriage of justice may have occurred." *Huerta-Orozco*, 272 F.3d at 565; *see also Rice*, 449 F.3d at 893.

### *4. Exclusion of ancillary FDIC evidence*

Defendant argues that the court's exclusion of evidence regarding the FDIC-insured status of the Convenience Store or the ATM was error. For the reasons stated in the Order, as well as in Section V.B.1 above, the court shall deny Defendant's New Trial Motion insofar as he argues that the exclusion of such evidence was error. The proper inquiry under § 2113(a) and (f) focuses on the FDIC-insured status of the operating bank. Furthermore, the introduction of such evidence risked juror confusion because it may have implied to the jury that the jury's task was to determine the proper definition of "a building used in part as a bank," in spite of the Order's definition. *See United States v. Dennis*, 625 F.2d 782, 796-97 (8th Cir. 1980) ("Confusion of the issues warrants exclusion of relevant evidence if admission of the evidence would lead to litigation of collateral issues."). Therefore, a new trial on this basis is not warranted because it cannot be said that "a serious miscarriage of justice may have occurred." *Huerta-Orozco*, 272 F.3d at 565; *see also Rice*, 449 F.3d at 893.

## VII. MOTION FOR ARREST OF JUDGMENT ANALYSIS

### A. Defendant's Arguments

Defendant offers three arguments in support of his Arrest of Judgment Motion. First, Defendant argues that the Bank Burglary Count (Count 1) does not charge an offense. Second, Defendant argues that the court lacks jurisdiction over the Bank Burglary Count (Count 1). Third, Defendant argues that entry of judgment and punishment on both the Bank Burglary Count (Count 1) and the Bank Theft Count (Count 2) is prohibited.

The government relies on the arguments it raised in prior filings and on the record at trial, namely, that the court properly interpreted § 2113 in the Order and properly

15

instructed the jury on the law. Furthermore, the government answers that a motion for an arrest of judgment does not bear on sentencing or punishment and therefore, the Arrest of Judgment Motion is improper.

### B. Legal Analysis

#### 1. *The Bank Burglary Count*

Defendant argues that Rule 34 entitles him to an arrest of judgment on the Bank Burglary Count (Count 1) because it does not charge an offense. Specifically, Defendant again argues that because neither the Convenience Store nor the ATM constitutes a building used in part as a bank, Defendant cannot be charged with bank burglary under § 2113(a). For the reasons stated in the Order, as well as in Section V.B.1 above, the court shall deny the Arrest of Judgment Motion on this basis.

#### 2. *Jurisdiction*

Defendant argues that Rule 34 entitles him to an arrest of judgment on the Bank Burglary Count (Count 1) because the court lacks jurisdiction over it. Specifically, Defendant again raises the familiar argument that the court does not have jurisdiction as to the Bank Burglary Count because neither the Convenience Store nor the ATM is a building used in part as a bank under federal law. For the reasons stated in the Order, as well as in Section V.B.1 above, the court shall deny the Arrest of Judgment Motion.

#### 3. *Judgment and Punishment*

The court shall deny the Arrest of Judgment Motion to the extent it argues that judgment on both the Bank Theft Count (Count 2) and the Bank Burglary Count (Count 1) cannot be entered against Defendant. Indeed, the case law that Defendant cites states affirmatively that "the incidents of entering a bank with intent to commit larceny and of engaging in larceny therein are violations of two distinct statutory provisions . . . ." *United States v. Hardy*, 292 F.2d 192, 194 (8th Cir. 1961). However, the court will entertain, during the sentencing proceedings, the argument that Defendant may not be punished for both offenses arising out of the same incident.

16

## *VIII. CONCLUSION*

**IT IS SO ORDERED:**

The court **DENIES** Defendant Jeffrey Eugene Haas's Motions for Arrest of Judgment (docket no. 75), Acquittal (docket no. 76) and New Trial (docket no. 77).

**DATED** this 3rd day of October, 2007.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA