**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. 07-CR-26-LRR |
| vs. | |
| JEFFERY EUGENE HAAS, | **ORDER** |
| Defendant. | |

_____

*TABLE OF CONTENTS*

I.     INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.    RELEVANT PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . 2

III.   ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

IV.    MULTIPLICITY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
       A.    Counts 1 and 2 are Multiplicitous . . . . . . . . . . . . . . . . . . . . . . 3
             1.    Prince . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
             2.    Kitts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
             3.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
       B.    Structure of Defendant's Formal Judgment . . . . . . . . . . . . . . . 5
             1.    Alternate sentences are appropriate . . . . . . . . . . . . . . . . 6
                   a.    "Merger of sentences" approach . . . . . . . . . . . . . . 6
                   b.    Rutledge . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
                   c.    Analysis . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
                   d.    Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . 15
             2.    Choice of count . . . . . . . . . . . . . . . . . . . . . . . . . . 15

V.     CAREER OFFENDER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
       A.    Qualifying Age . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
       B.    Qualifying Offense . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
       C.    Two Qualifying Predicate Offenses . . . . . . . . . . . . . . . . . . . 19
             1.    Burglary in the Second Degree . . . . . . . . . . . . . . . . . 20
             2.    Burglary in the Third Degree . . . . . . . . . . . . . . . . . . 22
       D.    Defendant is a Career Offender . . . . . . . . . . . . . . . . . . . . . 22

VI.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

# I. INTRODUCTION

The matter before the court is the sentencing of Defendant Jeffery Eugene Haas.

# II. RELEVANT PROCEDURAL BACKGROUND

On July 17, 2007, a jury found Defendant guilty on Counts 1 and 2 of the Second Superseding Indictment (docket no. 47). The jury found Defendant guilty of Unlawful Entry of a Bank (Count 1), in violation of 18 U.S.C. § 2113(a), unnmbrd. ¶ 2.[1] The jury also found Defendant guilty of Theft of Bank Funds (Count 2), in violation of 18 U.S.C. § 2113(b), unnmbrd. ¶ 1.[2]

---

[1]

(a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank . . . ; or

Whoever enters or attempts to enter any bank . . . or any building used in whole or in part as a bank . . . with intent to commit in such bank . . . or building, or part thereof, so used, any felony affecting such bank . . . and in violation of any statute of the United States, or any larceny—

Shall be fined under this title or imprisoned not more than twenty years, or both.

18 U.S.C. § 2113(a) (emphasis in original).

[2]

(b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank . . .

(continued…)

### III.  ISSUES

There are two issues before the court.  The first issue is whether Counts 1 and 2 are multiplicitous.  The second issue is whether Defendant is a "career offender" as defined in USSG §4B1.1(a) (2007).  The court examines each issue, in turn.

### IV.  MULTIPLICITY

The first primary issue before the court is whether Counts 1 and 2 are multiplicitous.  If the court finds Counts 1 and 2 are not multiplicitous, the court's enquiry ends with respect to this issue.  If the court finds Counts 1 and 2 are multiplicitous, the court must decide how to structure the formal judgment against Defendant.

#### A.  Counts 1 and 2 are Multiplicitous

The court holds that counts 1 and 2 are multiplicitous.  *Prince v. United States*, 352 U.S. 322 (1957) and *Kitts v. United States*, 243 F.2d 883 (8th Cir. 1957) (per curiam) clearly govern.

#### 1.    Prince

The question presented in *Prince* was whether § 2113(a) and § 2113(b) "are two offenses consecutively punishable in a typical bank robbery situation." 352 U.S. at 324. The defendant in *Prince* robbed a bank and was convicted on one count of § 2113(a) and

---

[2](...continued)

> shall be fined under this title or imprisoned not more than ten years, or both; or

> Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value not exceeding $1,000 belonging to, or in the care, custody, control, management, or possession of any bank . . . shall be fined under this title or imprisoned not more than one year, or both.

18 U.S.C. § 2113(a) (emphasis in original).

one count of § 2113(b). *Id.* The district court ordered consecutive sentences. *Id.*

The Supreme Court reversed and held that § 2113(a) and § 2113(b) were not consecutively punishable. *Id.* at 324-29. The Supreme Court examined the Federal Bank Robbery Act ("Act"), 18 U.S.C. § 2113, and reasoned:

> It is a fair inference from the wording in the Act, uncontradicted by anything in the meagre legislative history, that the unlawful entry provision [(§ 2113(a))] was inserted to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime. The gravamen of the offense [(§ 2113(a))] is not in the act of entering . . . . Rather, the heart of the crime is the intent to steal. This mental element merges into the completed crime [(§ 2113(b))] if the robbery is consummated.

*Id.* at 328. The Supreme Court held that, at least in "a typical bank robbery situation," *id.* at 324, "there was no indication Congress . . . intended to pyramid the penalties" of § 2113(a) and § 2113(b), *id.* at 327. The Supreme Court found it highly unlikely that Congress "would have wanted the offender given 10 years for the larceny plus 20 years for entering the bank with intent to steal." *Id.*

The Supreme Court generically remanded the case to the district court "for the purpose of resentencing the petitioner in accordance with this opinion." *Id.* at 329. *Prince* is unclear as to whether on remand the district court was required to impose concurrent sentences on both counts, merge the defendant's sentences into one sentence or take the most drastic step and altogether vacate one of the defendant's convictions.

### 2. Kitts

The question presented in *Kitts* was "whether a person who has been convicted [of] . . . entering a bank with intent to commit the felony of larceny in violation of [§] 2113(a) can also be given a consecutive sentence upon conviction of larceny from the bank in violation of 2113(b)." 243 F.2d at 884. Like the defendant in *Prince*, the defendant in

*Kitts* was convicted of one count of § 2113(a) and one count of § 2113(b), and the district court ordered him to serve consecutive sentences. *Id.* Unlike the defendant in *Prince*, the defendant in *Kitts* did not use force, violence, intimidation or extortion to steal bank funds. *See id.* ("Our case differs from the *Prince* case in that here no robbery is charged."). Just as in the case at bar, the defendant in *Kitts* entered and stole from a bank but did not commit robbery.

In *Kitts*, the Eighth Circuit Court of Appeals extended *Prince* beyond the "typical bank robbery situation," *Prince*, 352 U.S. at 324, to the typical bank larceny situation. The Eighth Circuit Court of Appeals recognized that there was a "factual distinction" with *Prince*, because the defendant in *Prince* committed robbery. *Kitts*, 243 F.2d at 885. Nonetheless, the Eighth Circuit Court of Appeals found the *ratio decidendi* of *Prince* applied. *Id.* The Eighth Circuit Court of Appeals held a "conviction under [§] 2113(b), pertaining to larceny from a bank, can not be superimposed upon [a § 2113(a)] sentence." *Id.* The court reversed the district court and "remanded . . . with directions to vacate the sentence imposed under [§ 2113(b)]. *Id.*

### 3. Conclusion

Accordingly, the court holds that Counts 1 and 2 are multiplicitous. The court may not "pyramid the penalties" of § 2113(a) and § 2113(b). *Prince*, 352 U.S. at 327; *Kitts*, 243 F.2d at 885.

### B. Structure of Defendant's Formal Judgment

Because Counts 1 and 2 are multiplicitous, the court must decide how to structure the formal judgment against Defendant. The court must address two sub-issues. The court must (1) decide whether it may enter formal judgment on both counts of conviction and (2) choose the count upon which to impose sentence. The court considers these two sub-issues, in turn.

### 1.	Alternate sentences are appropriate

The first sub-issue is whether the court may enter formal judgment on both counts of conviction.

### a.	"Merger of sentences" approach

As indicated previously, *Prince*'s remand order was unclear as to the appropriate remedy for multiplicity when a defendant is found to have violated both § 2113(a) and § 2113(b). In subsequent cases, the Eighth Circuit Court of Appeals adopted what the Sixth Circuit Court of Appeals refers to as the "merger of sentences" approach to the Act. *Bryan v. United States*, 721 F.2d 572, 575 (6th Cir. 1983) (cited with approval in *United States v. Wilson*, 787 F.2d 375, 383 (8th Cir. 1986)). Under the "merger of sentences" approach, the Act "is treated as creating separate offenses which will permit separate convictions but not multiple sentences." *Id.* The "merger of sentences" approach contrasts with other courts' "merger of offenses" approach, under which "only a single conviction can be allowed to stand." *Id.* at 575 (citations omitted)).

*Hardy v. United States*, 292 F.2d 192 (8th Cir. 1961) is the seminal case.[3] The

---

[3] In an earlier case, *La Duke v. United States*, 253 F.2d 387, 388 (8th Cir. 1958), the Eighth Circuit Court of Appeals rejected a particularly strong version of the "merger of offenses" approach. The defendant in *La Duke* committed a typical bank larceny, but the government only prosecuted him for a violation of § 2113(a). 253 F.2d at 388. During post-conviction proceedings, the defendant argued that "the offense of entering the bank for an unlawful purpose [(§ 2113(a))] merges into the offense of robbery or larceny [(§ 2113(b))] when either of the latter offenses is committed, and that in such a situation, the offender cannot lawfully be prosecuted for the first offense." *Id.* The Eighth Circuit Court of Appeals held "that where . . . the offender enters a bank with intent to commit a larceny therein, and accomplishes his intent by stealing funds, . . . he may be prosecuted and punished for the crime of entering for the unlawful purpose, thus holding that under such circumstances the offense of entering does not merge into the larceny offense." *Id.* at 390 (citation omitted). The Eighth Circuit Court of Appeals pointed out that adopting the defendant's argument would produce a "strange anomaly":

(continued…)

defendant in *Hardy* was convicted on one count of § 2113(a) and one count of § 2113(b). 292 F.2d at 193. The district court initially imposed two concurrent sentences but later *sua sponte* "vacated" the § 2113(b) sentence. *Id.*

On appeal, the defendant in *Hardy* argued that the district court should have vacated one of his convictions, not simply one of his sentences. *See id.* (characterizing the defendant as arguing that "the unlawful entry becomes so merged into the consummated larceny as to lose its identity for legal purposes as a criminal offense and therefore not to be capable of being made the subject of a charge of § 2113(a) violation"). Defendant opined that, in *Kitts*, the Eighth Circuit Court of Appeals had interpreted the scope of the remand in *Prince* too narrowly. *Id.*

The Eighth Circuit Court of Appeals affirmed. Citing *Kitts*, the Eighth Circuit Court of Appeals held that "[t]he court's action was in conformity with what we had . . .

---

[3](…continued)

> For if one entered a bank bent on perpetrating a larceny, but for some reason his intent was frustrated before the unlawful act was accomplished, he could properly be sentenced for a period not to exceed twenty years. On the other hand, if, after entering the bank for the unlawful purpose, he committed a theft of an amount not to exceed $100, he could be punished by a sentence not to exceed one year.

*Id.* at 389. The Eighth Circuit Court of Appeals adhered to *La Duke* in *Smith v. United States*, 356 F.2d 868 (8th Cir. 1966), and added the following observation:

> Unlike the situation in *Prince*, appellant was not prosecuted, convicted, and given consecutive sentences for the offense of entering and for the completed crime; thus, there has been no pyramiding of sentences which the Supreme Court struck down in the *Prince* case.

*Smith*, 356 F.2d at 872.

directed to be done . . . ." *Id.* The Eighth Circuit Court of Appeals reasoned:

> The effect of our decision in [*Kitts* and its progeny] is that the incidents of entering a bank with intent to commit larceny and of engaging in larceny therein are violations of two distinct statutory provisions; that there is nothing in the language or operability of these provisions to suggest that either incident, where both have been present in a situation, was intended to be deprived of its identity or status as a basis for making violative charges; but that, in respect to the imposing of punishment on them, they are so related in their nature and object that, under the doctrine of the *Prince* case, sentence may be meted out on only one of them, within the choice which the trial court deems appropriate in the circumstances.
>
> The opinion in the *Prince* case recognized that it manifestly was the purpose of Congress, by the statutory provisions involved, to establish more than one violative offense. "But in doing so there was no indication that Congress intended also to pyramid the penalties." 352 U.S. [at] 327[.]
>
> This, it seems to us, represents the crux of the *Prince* decision.

*Id.* at 194.

In sum, the Eighth Circuit Court of Appeals in *Hardy* allowed one merged sentence to stand upon two offenses of conviction. The Eighth Circuit Court of Appeals later succinctly stated its "merger of sentences" approach to the Act as follows:

> [A]lthough more than one sentence is prohibited, the consummated crime may well encompass several of the graduated offenses described by the statute. Thus there is no contradiction in permitting multiple counts of an indictment of § 2113, and multiple convictions, and at the same time prohibiting multiple sentencing.

*Gerberding v. United States*, 471 F.2d 55, 58 (8th Cir. 1973); *see also United States v. Kelly*, 687 F.2d 1217, 1220 (8th Cir. 1982) ("We . . . agree with the district court that one

general sentence for violating both subsections is appropriate."); *United States v. Golay*, 560 F.2d 866, 870 (8th Cir. 1977) (stating in dicta that "if more than one section of [§] 2113 is violated, only one sentence may be imposed").[4]

### b. Rutledge

In spite of *Hardy*, Defendant asks the court to extend *Prince* and *Kitts* and "vacate" one of his two convictions. Defendant maintains the Supreme Court necessarily rejected the "merger of sentences" approach in *Rutledge v. United States*, 517 U.S. 292 (1996). Defendant asks the court to follow *Rutledge* instead of *Hardy*. The government maintains the court should enter formal judgment against Defendant on both counts and let both of the jury's verdicts stand.

The defendant in *Rutledge* was convicted of conspiracy to distribute controlled substances, a violation of 21 U.S.C. § 846, and continuing criminal enterprise ("CCE"), a violation of 21 U.S.C. § 848. *Rutledge*, 517 U.S. at 294. The "in concert" element of his CCE offense was based upon the same agreement as his conspiracy offense. *Id.* The district court sentenced the defendant to concurrent sentences on the two counts. Pursuant to 18 U.S.C. § 3013, the district court also ordered the defendant in *Rutledge* to pay a special assessment on each count. *Id.* at 295.

---

[4] Neither party cites *United States v. Rust*, 650 F.2d 927, 928 (8th Cir. 1981) (per curiam), an apparent outlier. The defendant in *Rust* was convicted and sentenced on one count of § 2113(a) and one count of § 2113(b). Without citing *Hardy* or any of its progeny, the Eighth Circuit Court of Appeals stated that "it has been held that the [Act] permits only one conviction for a single illegal act" and reversed one of the defendant's convictions. The court relies upon *Hardy* to the extent the two cases conflict. When there appears to be a conflict in panels of the Eighth Circuit Court of Appeals, the better course is to follow the earlier opinion. *See, e.g., T.L. ex rel. Ingram v. United States*, 443 F.3d 956, 960 (8th Cir. 2006) ("When we are confronted with conflicting circuit precedent, the better practice normally is to follow the earliest opinion, as it should have controlled subsequent panels that created the conflict."); *Vernor v. Autodesk, Inc.*, 555 F. Supp. 2d 1164, 1172 (W.D. Wash. 2008) ("Where opinions of three-judge Ninth Circuit panels conflict, the court must rely on the earliest opinion.").

The Supreme Court held that the defendant's § 846 offense was a lesser included offense of his § 848 offense. *Id.* at 300. To reach this conclusion, the Supreme Court applied the familiar *Blockburger* test, because—unlike the case at bar—§ 846 and § 848 are two distinct statutory provisions.[5] *Id.* at 297. All of the elements of the defendant's § 846 offense were found within his § 848 offense. *Id.* at 300. Defendant's convictions were thus multiplicitous.

In discussing the appropriate remedy for a defendant convicted of multiplicitous offenses in the conspiracy and CCE context, the Supreme Court pointed out that "[m]ost federal courts . . . hold that only one judgment should be entered . . . ." *Id.* at 296. The Seventh Circuit Court of Appeals had held that neither the sentences nor the offenses merged, and two other circuit courts of appeals had "adopted an intermediate position, allowing judgment to be entered on both counts but permitting only one sentence rather than the concurrent sentences allowed in the Seventh Circuit." *Id.* at 296-97 (citations omitted).

The Supreme Court adopted the majority view of the circuit courts of appeals and held that "'[o]ne of [the defendant's] convictions, as well as its concurrent sentences, is unauthorized punishment for a separate offense" and must be vacated. *Id.* at 307; *accord United States v. Earley*, 657 F.2d 195, 197 n.2 (8th Cir. 1981) (quoting *Parr v. United States*, 351 U.S. 513, 518 (1956)) ("Ordinarily vacation of sentence is tantamount to vacation of the judgment of conviction," because "'[f]inal judgment in a criminal case means sentence.'"). The Supreme Court gave three reasons for its decision. First, the Supreme Court pointed out that each conviction necessarily entailed some punishment, because § 3013 requires district courts to impose a special assessment for every conviction.

_____

[5] *Blockburger v. United States*, 284 U.S. 299, 304 (1932) (If "the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

*See id.* at 301 ("As long as § 3013 stands, a second conviction will amount to a second punishment.") (citing *Ray v. United States*, 481 U.S. 736, 737 (1987) (per curiam)). Second, every conviction carries collateral consequences. Quoting from *Ball v. United States*, 470 U.S. 856 (1985), the Supreme Court observed:

> The second conviction, whose concomitant sentence is served concurrently, does not evaporate simply because of the concurrence of the sentence. The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

*Id.* at 302 (citations and internal quotation marks omitted, emphasis in original). Third, the Supreme Court disagreed with the government's argument that the conviction for the lesser included offense, § 846, should stand as a "backup" conviction in the event of reversal of the § 848 conviction. *Id.* at 305. The Supreme Court pointed out that circuit courts of appeals have long recognized the ability to direct entry of judgment on the lesser included offense when a conviction on the greater offense is reversed for a reason that only affects the greater offense. *Id.* at 306-07.

### c.    *Analysis*

Applying *Rutledge* to the present case, Defendant argues:

> [B]ased on *Rutledge*, [Defendant's] conviction on the [c]ount upon which he is not sentenced must be vacated. Otherwise, he suffers the collateral consequence and additional unauthorized punishment of imposition of the special assessment, as well as other potential collateral consequences

> (such as the effect on his prison security classification, a greater criminal history in the event of any future criminal offenses, greater eligibility for career offender of other use of the second conviction as a predicate offense, etc.).

Def.'s Sent. Memo. (docket no. 115), at 5. Defendant does not cite any authority in support of his argument other than *Rutledge* itself, and the government largely fails to respond to Defendant's argument.

The impact of *Rutledge* upon the Eighth Circuit Court of Appeals's merger of sentences approach and cases such as *Hardy* appears to be a matter of first impression in the Eighth Circuit. After consideration, the court finds *Rutledge* undermines the merger of sentences approach and declines to follow *Hardy*. "[D]istrict courts are not bound by a court of appeals' decision that has been undermined by a subsequent decision of the Supreme Court." *Ne. Iowa Citizens for Clean Water v. AgriProcessors, Inc.*, 489 F. Supp. 2d 881, 891-92 (N.D. Iowa 2007); *Wis. Bell, Inc. v. Pub. Serv. Comm'n of Wis.*, 57 F. Supp. 2d 710, 714 (W.D. Wis. 1999); *see also United States v. Egenberger*, 424 F.3d 803, 805 (8th Cir. 2005) ("The district court does not continue to be bound by prior interpretations of the law that are contrary to the Supreme Court's most recent announcement."); *Patterson v. Tenet Healthcare, Inc.*, 113 F.3d 832, 838 (8th Cir. 1997) ("Although one panel of this court ordinarily cannot overrule another panel, this rule does not apply when the earlier panel decision is cast into doubt by a decision of the Supreme Court.").

The three reasons for the Supreme Court's decision in *Rutledge* apply with equal force here. First, were the court to impose judgment on both Counts 1 and 2, the court would be required to impose two special assessments upon Defendant. 18 U.S.C. § 3013. Second, Defendant might suffer collateral consequences for each conviction imposed. Third, while it appears that the circuit courts of appeals do not have a longstanding practice of directing entry of judgment on, for example, a § 2113(a) charge after dismissal

on appeal of a § 2113(b) conviction, the district court may impose alternate sentences to facilitate appellate review and possible imposition of sentence on a dismissed count. *See, e.g., United States v. Jackson*, No. 00-CR-2032-1-MJM, Judgment in a Criminal Case (filed Nov. 15, 2000) (Melloy, J.) (where the jury found the defendant guilty of conspiracy to distribute controlled substances, a violation of 21 U.S.C. § 846, and CCE, a violation of 21 U.S.C. § 848, district court judge ordered: "Count 1 to be dismissed upon final affirmance of Count 7 on appeal."), *aff'd*, 345 F.3d 638, 650 (8th Cir. 2003) (affirming district court in all respects and remanding for vacatur of conspiracy conviction) (citing *United States v. Jelinek*, 57 F.3d 655, 660 n.5 (8th Cir. 1995)).[6]

The court recognizes that the Sixth Circuit Court of Appeals recently addressed the tension between *Rutledge* and the merger of sentences approach in an unpublished opinion and reached a different result. The defendant in *United States v. Sublett* was convicted of two counts of 18 U.S.C. § 2113(a) and two counts of 18 U.S.C. § 2113(d). 189 F.App'x 413, 415-16 (6th Cir. 2006). The district court imposed concurrent sentences on each count of conviction. *Id.* The Sixth Circuit Court of Appeals reaffirmed its commitment to the merger of sentences approach despite *Rutledge*. *Id.* at 416. The Court affirmed all of the defendant's convictions but vacated his two sentences on the § 2113(a) counts. *Id.*

To distinguish *Rutledge*, the Sixth Circuit Court of Appeals emphasized that, in *Prince*, the Supreme Court stressed the uniqueness of the Act. *Id.* at 417 & n.2; *see also e.g., United States v. Roundtree*, 527 F.2d 16, 19-20 (8th Cir. 1975) (emphasizing the Act is *sui generis* in certain respects). The Sixth Circuit Court of Appeals pointed out that *Blockburger* does not technically apply to the Act, because all of the offenses in the Act are contained in a single statutory section (§ 2113) as opposed to multiple or scattered statutory provisions. *See id.* at 417. The Sixth Circuit Court of Appeals ordered the

---

[6] Defendant argues in his memo that an alternative sentence "would not be proper" but cites no legal authority for his position. Def.'s Sent. Memo. (docket no. 115), at 6.

district court to vacate two of the defendant's special assessments.

The court declines to follow *Sublett* for three reasons:

First, *Sublett* cited no authority for its decision to waive the special assessments on the outstanding counts of convictions for which the sentences merged. Special assessments are mandatory. 18 U.S.C. § 3013. The Supreme Court did not create a judicial exception in *Rutledge*.

Second, the Eighth Circuit Court of Appeals recently held that *Rutledge* controlled in a similar non-*Blockburger* case. In *United States v. Jones* ("*Jones II*"), the Eighth Circuit Court of Appeals granted habeas corpus relief and held that a petitioner received ineffective assistance of counsel, when his counsel failed to challenge his indictment as multiplicitous. 403 F.3d 604, 605-07 (8th Cir. 2005). The petitioner was convicted of two counts of being a felon in possession of a firearm, each in violation of 18 U.S.C. §§ 922(g)(1) and 924(e), with the sentences to run concurrently. *See United States v. Jones* ("*Jones I*"), 266 F.3d at 804, 808 (8th Cir. 2001). The Eighth Circuit Court of Appeals nonetheless held his convictions were multiplicitous. The Court did not apply *Blockburger*, because each count charged a violation of the same statutes. Rather, much like the Supreme Court observed in *Prince* with respect to the Act, the Eighth Circuit Court of Appeals reasoned: "Congress intended the crime of possession to refer to a course of conduct rather than individual acts of dominion, we conclude that the continuous possession of the same firearm constitutes a single offense." *Jones II*, 403 F.3d at 606.

The Eighth Circuit Court of Appeals ordered the district court to vacate one of the defendant's sentences and one of his convictions. *Id.* Citing *Ball* and *Rutledge*, the Eighth Circuit Court of Appeals held that the merger of sentences approach would be illegal, because of § 3013 and collateral consequences. *See id.* at 607 ("The additional conviction could increase future sentences or be used to impeach the defendant's credibility if he testifies at a future proceeding.").

Third, *Jones II* accords with the view of the Second Circuit Court of Appeals.  In a similar case, the Second Circuit Court of Appeals observed:

> Most pre-*Ball* and pre-*Rutledge* circuit-level cases [discussing single statute, non-*Blockburger* cases] vacated the second sentence . . . but allowed the second conviction to stand, relying in part on *Prince*.  In both *Ball* and *Rutledge*, however, the High Court reversed the second conviction as well as the second sentence, without explicitly addressing this aspect of *Prince*.  Based on *Ball* and *Rutledge*, we believe that both the second conviction and the second sentence should be vacated in this case.

*United States v. Gore*, 154 F.3d 34, 47 (2d Cir. 1998).  Simply put, *Rutledge* changed the legal landscape and effectively overruled *Hardy*.

### d.    Conclusion

Accordingly, the court shall only sentence Defendant on one count.  The court shall further order that the other count be dismissed upon final affirmance of Defendant's sentence.  The court shall vacate VII.B.3 of the Order (docket no. 95) denying Defendant's motion for new trial.  In such Order, the court mistakenly held that judgment could enter on both counts.

### 2.    Choice of count

The second sub-issue requires the court to decide upon which count to sentence Defendant.  The government argues that Defendant should be sentenced on Count 1.  It appears Defendant argues the court should sentence him on Count 2.  Defendant also asks the court for more time to brief this issue.

In *Hardy*, the Eighth Circuit Court of Appeals stated that a district court should sentence a defendant on such count of conviction that the court "deems appropriate in the circumstances."  *Hardy*, 292 F.2d at 194; *see also Sawyer v. United States*, 312 F.2d 24, 28 (8th Cir. 1963) ("The only limitation . . . that can soundly exist . . . is simply the constitutional prohibition against subjecting a defendant to more than one punishment in

the federal courts for the same crime. This fundamental right can hardly properly be claimed to be transgressed because the defendant is compelled to serve a sentence under one subsection instead of the other, where he has been convicted of violating both."). The Eighth Circuit Court of Appeals indicated it previously had assumed that "'such a sentence will ordinarily be based on the subsection covering the most aggravated degree of the convicted offense,'" *id.*, but noted such "supposition . . . seems not to have been entirely fruitful," *id.* n.28. *But see United States v. Davis*, 439 F.2d 325 (8th Cir. 1971) (stating, in *dicta*, that "[t]he lesser offense merges into the greater offense for the purpose of sentencing") (citing *Prince*, 352 U.S. 322 (1957)). The Eighth Circuit Court of Appeals has not, however, suggested what factors should guide the exercise of the court's discretion.

Defendant urges the court to consider all of the sentencing factors set forth at 18 U.S.C. § 3553(a) in fashioning his sentence. Because Defendant's advisory Sentencing Guidelines range is one of these factors, Defendant asks the court to afford him the opportunity of further briefing and wait until sentencing resumes to make a final decision on this second sub-issue. In particular, Defendant states that the court's decision as to whether he is a career offender would be helpful. The court agrees with Defendant and will reserve ruling on this second sub-issue at this time.

## V. CAREER OFFENDER

The second primary issue before the court is whether Defendant is a "career offender" under the advisory Sentencing Guidelines. Defendant is a career offender if the following three prongs of USSG §4B1.1(a) are satisfied:

> (1) [Defendant] was at least eighteen years old at the time [he] committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) [he] has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

16

Id. §4B1.1(a). For purposes of §4B1.1(a),

> (a) The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or

> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

*Id.* §4B1.2.

The second clause of § 4B1.2(a)(2) is commonly referred to as the "otherwise" clause. *See, e.g., United States v. Williams*, 537 F.3d 969, 971-72 (8th Cir. 2008). In *Begay v. United States*, the Supreme Court analyzed the nearly identical "otherwise" clause in the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), and held that drunk driving was not a "violent felony." 128 S.Ct. 1581, 1585-86 (2008) (discussing N.M. Stat. Ann. §§ 66-8-102(A) et seq.).[7] The Supreme Court held that, for a prior felony offense to fall within the scope of the "otherwise" clause, such offense must (1) "pose a similar degree of risk of physical injury as the example crimes" and (2) "be similar in kind to the example crimes." *Williams*, 537 F.3d 969, 972-73 (citing *Begay*, 128 S. Ct. at 1585-86). "For a crime to be similar in kind to the example crimes, it should typically involve 'purposeful, violent, and aggressive conduct.' " *Id.*

The court considers each of the three prongs of §4B1.1(a), in turn. The court only

---

[7] The court is "bound by cases interpreting whether an offense is a crime of violence under the [advisory Sentencing] Guidelines as well as cases interpreting whether an offense is a violent felony under the" ACCA. *Williams*, 537 F.3d at 971-72; *see, e.g., United States v. Doe*, 960 F.2d 221, 225 (1st Cir.1992) (Breyer, C.J.); *see also United States v. Taylor*, No. 08-1206 (filed Nov. 19, 2008) (characterizing "violent felony" and "crime of violence" as "synonymous").

analyzes whether Defendant is a career offender as to Count 1. The government does not argue that Defendant is a career offender as to Count 2.

### A. Qualifying Age

It is undisputed that Defendant was at least eighteen years old at the time he committed Count 1. Defendant was twenty-eight years old on December 8, 2002.

### B. Qualifying Offense

Under governing Eighth Circuit Court of Appeals precedent, Count 1 "otherwise involves conduct that presents a serious potential risk of physical injury to another." *See, e.g., United States v. Shenett*, 240 F.App'x 160, 161 (8th Cir. 2007) (affirming district court's holding that a defendant convicted of § 2113(a) was a career offender and stating "this court has held that commercial burglaries constitute crimes of violence under [§]4B1.2 because of the serious potential risk of injury to others inherent in the offense"). This precedent remains good law even after *Begay*, because Unlawful Entry of a Bank (1) poses a similar degree of risk of physical injury as burglary of a dwelling, arson, extortion and crimes involving the use of explosives, (2) is similar to such example crimes and (3) typically involves purposeful, violent, and aggressive conduct. *See Williams*, 537 F.3d at 972-73 (citing *Begay*, 128 S. Ct. at 1585-86). The Supreme Court and Eighth Circuit Court of Appeals have recognized before and after *Begay* that "[t]he fact that an offender enters a building to commit a crime often creates the possibility of a violent confrontation between the offender and an occupant, caretaker, or some other person who comes to investigate." *Taylor v. United States*, 495 U.S. 575, 588 (1990); *Williams*, 537 F.3d at 974 (same). "This possibility makes burglary particularly violent and aggressive, because the burglar's 'own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape.'" *Id.*; *Williams*, 537 F.3d at 974 (quoting *Taylor*, 495 U.S. at 588). In addition, persons who commit Unlawful Entry of a Bank do so as a means of sustaining their livelihood—further evidence Congress intended

such crime to fall within the "otherwise" clause. *See id.* at 975 ("Congress intended the [ACCA] to encompass serious crimes that are committed as means of sustaining the offender's livelihood.") (citing *Taylor*, 495 U.S. at 587-88). Unlawful Entry of a Bank is a far cry from the drunk driving statute at issue in *Begay* or other crimes that "impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." 128 S. Ct. at 1586; *see also United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008) (in post-*Begay* appeal, noting the defendant conceded his conviction for § 2113 qualified for a crime of violence finding).[8]

## C. Two Qualifying Predicate Offenses

On January 8, 1993, Defendant was convicted of Burglary in the Second Degree, in violation of Iowa Code §§ 713.1 & 713.3 (1991). On September 22, 1993, Defendant was convicted of Burglary in the Third Degree, in violation of Iowa Code §§ 713.1 and 713.6A (Supp. 1992). The parties dispute whether these two prior felony convictions are "crimes of violence." Defendant does not have any prior controlled substance offenses.

When analyzing whether Defendant's two prior convictions for Burglary in the Second Degree and Burglary in the Third Degree are "crimes of violence," ordinarily the court must use the "modified categorical approach" of *Taylor v. United States*, 495 U.S. 575 (1990), and *Shepard v. United States*, 544 U.S. 13 (2005). *See, e.g., Williams*, 537 F.3d at 973-74 (applying the "modified categorical approach" and *Shepard*). That is, judicial fact-finding with respect to §4B1.1(a)(3) usually "is limited to the terms of the charging document, the terms of the plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information." *Shepard*, 544 U.S. at 26. In

---

[8] Defendant argues that "[b]urglary of places or things which are not 'dwellings' cannot be swept up under" the "otherwise" clause, because to do so would eviscerate the limitation of "of a dwelling." Def. Sent. Mem. (docket no. 115), at 10. The opposite is true: to adopt Defendant's argument would wholly eviscerate the "otherwise" clause.

the case at bar, however, these ordinary and usual rules do not apply.[9]  Defendant did not object to any of the United States Probation Office's factual findings regarding his prior convictions in the Presentence Investigation Report ("PSIR").  Accordingly, the court may simply assume all of these facts to be true.  *See United States v. Hunter*, 505 F.3d 829, 831 (8th Cir. 2007) ("When a defendant admits the facts surrounding a prior conviction by failing to object to them, a district court may consider those facts without conducting the analysis set forth in [*Shepard*.]").

### 1.    *Burglary in the Second Degree*

Defendant's conviction for Burglary in the Second Degree is a crime of violence.  Defendant broke into a motor home with the intent to commit a theft therein.  PSIR at ¶ 85.  After breaking into the motor home, Defendant stole a 9 mm handgun from the motor home's owner.  *Id.*  Under governing Eighth Circuit Court of Appeals precedent, Defendant's conviction for burglary in the second degree is a "burglary of a dwelling." *See, e.g., United States v. Graham*, 982 F.2d 315, 316 (8th Cir. 1992) (per curiam) ("A 'dwelling' is a 'building or portion thereof, a tent, a mobile home, a vehicle or other enclosed space which is used or intended for use as a human habitation, home or residence.'") (citing Black's Law Dictionary 505 (6th ed. 1990) and holding that "structures used as shelters for weekend fishing retreats" are "dwellings").

In any event, Defendant's conviction for Burglary in the Second Degree falls well within the scope of the "otherwise" clause.  A motor home is "a very large vehicle equipped as a self-contained home."  Oxford English Dictionary (online ed. 2008); *see, e.g.*, Fla. Stat. Ann. § 320.01(1)(B)(4) (defining "motor home" as "a vehicular unit which is a self-propelled motor vehicle, and is primarily designed to provide temporary living quarters for recreational, camping, or travel use.").  Burglary of a motor home (1) poses

_____

[9] Defendant expends much effort analyzing his prior convictions under the modified categorical approach.

a similar degree of risk of physical injury as burglary of a dwelling, arson, extortion and crimes involving the use of explosives, (2) is similar to such example crimes and (3) typically involves purposeful, violent, and aggressive conduct. *See Williams*, 537 F.3d at 972-73 (citing *Begay*, 128 S. Ct. at 1585-86). When a criminal burgles a motor home, he often creates the possibility of a violent confrontation with "an occupant, caretaker, or some other person who comes to investigate." *Taylor v. United States*, 495 U.S. 575, 588 (1990); *Williams*, 537 F.3d at 974 (same). Burglary of a motor home is thus "particularly violent and aggressive, because the burglar's 'own awareness of this possibility may mean that he is prepared to use violence if necessary to carry out his plans or to escape.'" *Id.*; *Williams*, 537 F.3d at 974 (quoting *Taylor*, 495 U.S. at 588). In addition, persons who burgle motor homes do so as a means of sustaining their livelihood—further evidence Congress intended such crime to fall within the "otherwise" clause. *See Williams*, 537 F.3d at 975 ("Congress intended the [ACCA] to encompass serious crimes that are committed as means of sustaining the offender's livelihood.") (citing *Taylor*, 495 U.S. at 587-88). Simply put, burglary of a motor home is a far cry from the drunk driving statute at issue in *Begay* or other crimes that "impose strict liability, criminalizing conduct in respect to which the offender need not have had any criminal intent at all." *Begay*, 128 S.Ct. at 1586-87. It is significantly different than the Missouri statutes of auto theft by deception, auto theft without consent and auto tampering at issue in *Williams*. *Cf. Williams*, 537 F.3d at 974-76 (holding that auto theft by deception, auto theft without consent and auto tampering are not crimes of violence and abrogating a number of Eighth Circuit Court of Appeals cases, including *United States v. Sun Bear*, 307 F.3d 747 (8th Cir. 2002)).[10]

---

[10] *Williams* itself may rest upon a shaky foundation. Four members of the Eighth Circuit Court of Appeals have expressed grave concerns about *Williams* and voted to rehear the case en banc. *See United States v. Williams*, No. 07-2679, 2008 WL 4767458,

(continued...)

## 2. Conviction for Burglary in the Third Degree

Defendant's conviction for Burglary in the Third Degree is also a crime of violence. Defendant broke into a locked garage "upon the property of 23 D Avenue NE, Cedar Rapids, Linn County, Iowa." PSIR at ¶ 88. Defendant entered a vehicle that was parked inside the garage and stole property inside of it. *Id.* In his objection letter to the PSIR, Defendant conceded that, under governing Circuit precedent, burglary of a garage is a qualifying predicate. *See, e.g., United States v. Mathijssen*, 406 F.3d 496, 499 (8th Cir. 2005) (burglary of a detached garage is a crime of violence).

## D. Defendant is a Career Offender

Accordingly, the court holds that Defendant is a career offender if the court sentences him on Count 1.

## VI. CONCLUSION

The court shall only sentence Defendant on one count. The court shall order that the other count be dismissed upon final affirmance of Defendant's conviction. The court shall vacate Section VII.B.3 of the Order (docket no. 95), in which the court held that judgment could enter on both counts. Defendant is a career offender for purposes of the advisory Sentencing Guidelines should the court decide to sentence him on Count 1. The United States Probation Office is directed to revise Defendant's Presentence Investigation Report to accord with the instant Order. After receipt of Defendant's Revised Presentence Investigation Report, the court shall schedule and hold a status conference in this matter.

---

[10](…continued)
*4 (8th Cir. Nov. 3, 2008) (Colloton, J., dissenting from denial of rehearing en banc). A fifth member of the court did not take any part in the consideration of the case. *See id.*

**IT IS SO ORDERED.**

**DATED** this 26th day of November, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA